Green, J.
delivered the opinion of the court.
This is an attachment bill against Chambers, the debtor, who is a non-resident, and against the other defendants, to sub *314 ject the lot of land mentioned in the bill to the satisfaction of complainant’s claim against Chambers, and to divest the legal title to the lot out of the other defendants.
The lot in question was sold by the Commissioners of Man-«Chester to Joseph Hickerson, who sold to Chambers, to whom, by Hickerson’s directions, the Commissioners made a deed. Chambers sold the lot by verbal agree ment to Williams, who paid therefor, and went into possession; Chambers then left the country, without having the deed to himself registered, and without making Williams a deed. Williams filed his bill against Chambers, Hickerson and the Commissioners, and obtained a decree, vesting in himself the title to the lot in question, which decree has been registered in Coffee county, where the land lies.
This decree is relied on here, to show that the title to the lot is not in the complainant’s debtor, Chambers, and that there was nothing to attach. The Chancellor dismissed the bill, and we think correctly. The defendant Williams has paid Chambers for the land, and has a legal title, and as complainant, the creditor of Chambers, could only be entitled to such property as Chambers had in the premises, he has no right to seize this land as the property of Chambers.
But it is insisted, that Williams did not have such evidence of his purchase from Chambers as would authorize the decree in his favor. That may be very true, but it is a matter that cannot be enquired into in this suit.
The court had jurisdiction of the cause, and having made a decree, vesting the title in the defendant, Williams, it is not competent in this collateral proceeding between other parties to investigate the grounds of proof, upon which the court acted.
Affirm the decree.